Jerry J. Moberg and James E. Baker
Jerry J. Moberg & Associates
451 Diamond Drive
Ephrata, WA 98823
(509) 754-2356
Attorneys for defendants
jmoberg@canfieldsolutions.com, jbaker@canfieldsolutions.com

**HON. JUSTIN L. QUACKENBUSH**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL KIRBY,<br><br>               Plaintiff,<br><br>v.<br><br>CITY OF EAST WENATCHEE, and OFFICER JAMES MARSHALL,<br><br>               Defendants. | NO. CV 12-190-JLQ<br><br>**DEFENDANTS' MEMO IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE DEFENDANT OFFICER MARSHALL'S PRE-EMPLOYMENT PSYCHOLOGICAL ASSESSMENTS AND POLYGRAPH EXAMS**<br><br>Hearing date: July 30, 2012<br>                         6:30 pm<br><br>**WITHOUT ORAL ARGUMENT** |

## I.     INTRODUCTION

This is a § 1983 lawsuit alleging that defendant Officer James Marshall used excessive force against plaintiff when he was standing on his front porch with a long firearm. This motion involves whether plaintiff is entitled to defendant Officer Marshall's pre-employment psychological assessments and reports of

\\Legal-main\LawData\WPWIN\East Wenatchee\Kirby v City of East Wenatchee (CIAW)\Pleadings - Misc\216376.doc

DEFENDANTS' MEMO IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE DEFENDANT OFFICER MARSHALL'S PRE-EMPLOYMENT PSYCHOLOGICAL ASSESSMENTS AND POLYGRAPH EXAMS
Page -- 1

**Jerry J. Moberg & Associates**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA 98823
(509) 754-2356 / Fax (509) 754-4202

polygraphs.  This motion is intended to apply to all past and present police positions of defendant Officer Marshall.  Defendants contend that if the court reviews the requested material, the court will find that the items are not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further contend that disclosing the material violates defendant Officer Marshall's privacy rights.  Defendants further contend that the requested material should be exempt under FRCP 26(c)(1)("annoyance, embarrassment, oppression") and that the requested material is privileged.

During discovery, defendants produced defendant Officer Marshall's personnel file and training records.  (Defendants' first supplement to defendants' initial disclosures dated June 7, 2012.)  Contained in defendant Officer Marshall's personnel file was a pre-employment psychological assessment dated April 28, 2008 by Thomas Rowe, Ph.D., Wenatchee, and a pre-employment polygraph report dated April 29, 2008 by Sgt. Ken Britt of the Wenatchee Police Department.  Defendants did not produce the two items.  Instead, defendants stated: "Not produced; privileged and right of privacy."  To this objection, defendants also add: "Not reasonably calculated to lead to the discovery of admissible evidence, and exempt from discovery under Fed.R.Civ.P. 26(c)."

By letter dated June 18, 2012, counsel for plaintiff stated in part:

\\Legal-main\LawData\WPWIN\East Wenatchee\Kirby v City of East Wenatchee (CIAW)\Pleadings - Misc\216376.doc

DEFENDANTS' MEMO IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE DEFENDANT OFFICER MARSHALL'S PRE-EMPLOYMENT PSYCHOLOGICAL ASSESSMENTS AND POLYGRAPH EXAMS
Page -- 2

**Jerry J. Moberg & Associates**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

> (1) Provide the complete polygraph examination records for Officer Marshall. The "complete polygraph examination" includes: polygraph results, polygraph charts, pre-interview notes, pre-polygraph test questions and results, and the name of the examiner.
>
> (2) Provide the complete psychological testing records for Officer Marshall. The "complete psychological testing records" includes: any testing questions, any notes taken during the evaluation, the name of the evaluator, and any reports issued as a result of the evaluation.
>
> . . . We will also be filing a subpoena duces tecum in the next several days requesting Officer Marshall's full employment file from the Medina Police Department.

Defendants do not have a copy of defendant Officer Marshall's personnel file from the Medina Police Department, where he worked from April 2007 until he was hired by the East Wenatchee Police Department in 2008. Defendants are in the process of obtaining the file so that it may be produced to the court for *in camera* inspection. Additionally, defendants also do not have a copy of defendant Officer Marshall's personnel file from the City of Clyde Hill Police Department, where he worked from September 2003 to April 2007.

## II. APPLICABLE COURT RULE

Fed.R.Civ.P. 26(c) provides: "A party . . . from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, enter an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one of more of the following: (A) forbidding the disclosure or discovery . . . ."

\\Legal-main\LawData\WPWIN\East Wenatchee\Kirby v City of East Wenatchee (CIAW)\Pleadings - Misc\216376.doc

DEFENDANTS' MEMO IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE DEFENDANT OFFICER MARSHALL'S PRE-EMPLOYMENT PSYCHOLOGICAL ASSESSMENTS AND POLYGRAPH EXAMS
Page -- 3

**Jerry J. Moberg & Associates**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA 98823
(509) 754-2356 / Fax (509) 754-4202

## III. ARGUMENT

### A. AFTER THE COURT PERFORMS AN *IN CAMERA* REVIEW OF THE PRE-EMPLOYMENT MATERIAL, THE COURT SHOULD ENTER A PROTECTIVE ORDER STATING THAT DEFENDANTS DO NOT HAVE TO PRODUCE THE REQUESTED MATERIAL.

#### 1. Pre-employment psychological assessments and polygraph examinations are performed for prospective police officer pursuant to a state statute.

For most prospective employees of private employers, it is unlawful to condition employment upon a pre-employment polygraph examination. See RCW 49.44.120(1) (requiring lie detector tests – penalty) and 29 U.S.C. § 2001 et seq. (Employee Polygraph Protection Act; the "EPPA"). Thus, the state and the federal government have recognized the substantial privacy issue involved with a prospective employee's polygraph examination.

RCW 49.44.102(1) "shall not apply to persons making application for employment with any law enforcement agency . . . ." RCW 43.101.080(19) provides that the Washington State Criminal Justice Training Commission has the power to require prospective police officers to undergo psychological assessments and polygraph examinations. RCW 43.101.095 (peace officer certification) sets forth who is qualified to perform a police psychological assessment and a police polygraph exam.

\\Legal-main\LawData\WPWIN\East Wenatchee\Kirby v City of East Wenatchee (CIAW)\Pleadings - Misc\216376.doc

DEFENDANTS' MEMO IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE DEFENDANT OFFICER MARSHALL'S PRE-EMPLOYMENT PSYCHOLOGICAL ASSESSMENTS AND POLYGRAPH EXAMS
Page -- 4

**Jerry J. Moberg & Associates**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA 98823
(509) 754-2356 / Fax (509) 754-4202

**2. The court should order that defendant Officer Marshall's pre-employment psychological assessment and polygraph exam is protected from disclosure in this lawsuit.**

The court has great discretion to issue protective orders denying discovery. B.R.S.Land Investors v. United States, 596 F.2d 353, 356 (9th Cir. 1979). Under Rule 26(b)(1), discoverable material is "any nonprivileged matter that is relevant to any party's claim or defense" and "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." If the court performs an *in camera* review of the contents of the psychological assessment and the polygraph exam report, ***the court will most probably find that the requested material is not reasonably calculated to lead to the discovery of admissible evidence.*** Moreover, if the court reviews the requested information, it is likely that the court will conclude that disclosure of the material would unduly subject defendant officer to annoyance, embarrassment and oppression.

*Dr. Rowe's psychological assessment* – Dr. Rowe prepared a four-page assessment. The report contains the following sections: (a) *Reason for referral* (this section stated that the assessment was part of an overall screening process for applicants for patrol officer), (b) *Background information* (this section includes information on the medical condition of defendant Officer Marshall's mother together with defendant Officer Marshall's family situation while growing up with

\\Legal-main\LawData\WPWIN\East Wenatchee\Kirby v City of East Wenatchee (CIAW)\Pleadings - Misc\216376.doc

DEFENDANTS' MEMO IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER RE DEFENDANT OFFICER
MARSHALL'S PRE-EMPLOYMENT PSYCHOLOGICAL
ASSESSMENTS AND POLYGRAPH EXAMS
Page -- 5

**Jerry J. Moberg & Associates**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA 98823
(509) 754-2356 / Fax (509) 754-4202

his parents and his two siblings. This section also includes information on defendant Officer Marshall's health, habits, hobbies and previous occupations, together with information on his relationship with his significant other and his other friends), (c) *Tests administered* (this section details defendant Officer Marshall's test results on the MMPI and the Wonderlic Personnel Test), and (d) *Summary and conclusions* (this section sets forth Dr. Rowe's opinion about defendant Officer Marshall's suitability for the position of police patrol officer and Dr. Rowe's recommendation of defendant Officer Marshall for the position).

*Sgt. Britt's polygraph report* – Sgt. Britt prepared a 1-1/4 page report. The report stated that questions were asked of defendant Officer Marshall including: (a) whether he was ever suspended from school or college, (b) whether his driver's license was ever suspended or revoked, (c) the number of any traffic citations that he has received, (d) whether he had any traffic citations during the past three years, (e) whether he ever used or sold drugs, (f) whether he has ever had a problem with the use of alcohol, and (g) questions about his sexual history including questions about any child sexual abuse or child internet porn.

"In civil rights cases brought under federal statutes, questions of privilege are resolved by federal law." Hampton v. City of San Diego, 147 F.R.D. 227, 228, 230 (S.D.Cal. 1993). Federal common law recognizes a qualified privilege for official information, such as information in government personnel files. Kerr v.

\\Legal-main\LawData\WPWIN\East Wenatchee\Kirby v City of East Wenatchee (CIAW)\Pleadings - Misc\216376.doc

DEFENDANTS' MEMO IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE DEFENDANT OFFICER MARSHALL'S PRE-EMPLOYMENT PSYCHOLOGICAL ASSESSMENTS AND POLYGRAPH EXAMS
Page -- 6

**Jerry J. Moberg & Associates**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA 98823
(509) 754-2356 / Fax (509) 754-4202

U.S. District Court, 511 F.2d 192, 197-98 (9th Cir. 1975). To determine whether information in government personnel files is subject to the official information privilege, federal courts weigh the potential benefits of disclosure against the potential disadvantages. Sanchez v. City of Santa Ana, 936 F.3d 1027, 1033-34 (9th Cir. 1990).

Before courts engage in this balancing, the party asserting the privilege must make a "substantial threshold showing." Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D.Cal. 1995). "If a defendant meets the threshold requirements, the court will order an *in camera* review of the material and balance each party's interests." Id. at 613.

The substantial threshold showing should be deemed to be met due to the privacy interests involved in the material that is sought. Defendant officer underwent the assessments and exams solely for the purpose of determining whether he would be a suitable police officer – not because there was any suspicion that he was psychologically imbalanced or an anti-social person. For example, the polygraph report stated at the beginning of the report that it was **"CONFIDENTIAL"** and "FOR THE EXCLUSIVE USE" of specified law enforcement personnel.

\\Legal-main\LawData\WPWIN\East Wenatchee\Kirby v City of East Wenatchee (CIAW)\Pleadings - Misc\216376.doc

DEFENDANTS' MEMO IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE DEFENDANT OFFICER MARSHALL'S PRE-EMPLOYMENT PSYCHOLOGICAL ASSESSMENTS AND POLYGRAPH EXAMS
Page -- 7

**Jerry J. Moberg & Associates**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA 98823
(509) 754-2356 / Fax (509) 754-4202

In <u>Hallon v. City of Stockton,</u> 2012 WL 394200 (E.D.Cal. 2012), the court did not allow plaintiff to obtain defendant officers' complete employee files in a § 1983 action. The court stated at *5: "Defendants shall further turn over those portions of the personnel files relating to training regarding the use of force. Plaintiff's request is denied in all other respects."

In <u>Holmes v. Henry,</u> 2011 WL 5075012 (E.D.Ark. 2011), plaintiff filed a § 1983 lawsuit for alleged wrongful arrest in violation of her constitutional rights. Plaintiff sought the personnel files of defendant officers and any police officer that defendants intended to call as a witness. In granting defendant's motion for a protective order, the court stated at *3:

> The Court finds that the confidential nature of information contained in a police officer's personnel file constitute good cause for granting the requested protective order. <u>See</u> <u>Donald v. Rast,</u> 927 F.2d 379, 381 (8th Cir. 1991)(noting confidential nature of a police officer's personnel file).

In <u>Snowten v. City of San Diego,</u> plaintiff brought a § 1983 lawsuit due to alleged excessive force. Defendant police officer brought a motion for a protective order as to his personnel file and other material. The court performed *in camera* review of the documents listed in defendant officer's privilege log. The court set forth the legal standard at *2 (emphasis added):

> Federal common law recognizes a qualified privilege for official information. [Citations omitted.] Government personnel files are considered official information. [Citation

\\Legal-main\LawData\WPWIN\East Wenatchee\Kirby v City of East Wenatchee (CIAW)\Pleadings - Misc\216376.doc

DEFENDANTS' MEMO IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER RE DEFENDANT OFFICER
MARSHALL'S PRE-EMPLOYMENT PSYCHOLOGICAL
ASSESSMENTS AND POLYGRAPH EXAMS
Page -- 8

**Jerry J. Moberg & Associates**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA 98823
(509) 754-2356 / Fax (509) 754-4202

omitted.] In determining what level of protection to afford the official information privilege, courts balance the interests of the party seeking discovery against the interests of the governmental entity asserting the privilege. [Citation omitted.] ***The party requesting the information must describe how the information is "reasonably calculated to lead to the discovery of admissible evidence, identifying interests . . . that would be harmed if the material were not disclosed, and specifying how the harm would occur and how extensive it would be."*** [Citation omitted.] The courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery. . . . .

On the basis of the court's *in camera* review of documents, the court concluded that many of the sought documents were "confidential and for attorney eyes only." The court then ordered the parties to meet and confer and to file a joint protective order. Id. at 3. There was no indication that the personnel file included psychological assessments or polygraph reports. Items that the court in Snowten designated "confidential and for attorney eyes only" have already been produced by defendants in the case at bar. The psychological assessments and polygraphs are of such a confidential nature that the court in this lawsuit should grant a full protective order as to those items.

**B.    IF THE COURT ORDERS PRODUCTION OF THE REQUESTED MATERIAL, THEN THE COURT SHOULD ENTER A CONFIDENTIALITY ORDER.**

In Morrissey v. City of New York, 171 F.R.D. 85 (S.D.N.Y. 1997), after performing an *in camera* review, the court entered a protective order stating that

\\Legal-main\LawData\WPWIN\East Wenatchee\Kirby v City of East Wenatchee (CIAW)\Pleadings - Misc\216376.doc

DEFENDANTS' MEMO IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE DEFENDANT OFFICER MARSHALL'S PRE-EMPLOYMENT PSYCHOLOGICAL ASSESSMENTS AND POLYGRAPH EXAMS
Page -- 9

**Jerry J. Moberg & Associates**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

defendant police officer was not required to produce a credit report contained in his personnel file in connection with a § 1983 lawsuit for the alleged wrongful shooting of another police officer. (The opinion did not state that pre-employment psychological assessments or polygraph exams were contained in the personnel file.) As to other information contained in defendant's personnel file, the court entered an order "requiring plaintiff not to publicly disclose any of the information . . . and to use this information only for the purposes of this litigation." Id. at 93. See also Snowten v. City of San Diego, supra.

If the court determines that defendant Officer Marshall's psychological and polygraph material must be produced to plaintiff, then the court should enter a similar order.

## V. CONCLUSION

The court should perform an *in camera* review of the material sought to be withheld. After the *in camera* review, the court should enter a protective order preventing the disclosure of the specified material.

RESPECTFULLY SUBMITTED this 29th day of June, 2012.

  JERRY J. MOBERG & ASSOCIATES

  *s/ Jerry J. Moberg and James E. Baker*
  JERRY J. MOBERG, WSBA No. 5282
  JAMES E. BAKER, WSBA No. 9459
  jmoberg@canfieldsolutions.com, jbaker@canfieldsolutions.com
  Attorneys for defendants

\\Legal-main\LawData\WPWIN\East Wenatchee\Kirby v City of East Wenatchee (CIAW)\Pleadings - Misc\216376.doc

DEFENDANTS' MEMO IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE DEFENDANT OFFICER MARSHALL'S PRE-EMPLOYMENT PSYCHOLOGICAL ASSESSMENTS AND POLYGRAPH EXAMS
Page -- 10

**Jerry J. Moberg & Associates**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA 98823
(509) 754-2356 / Fax (509) 754-4202

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

> John R. Connelly, Jr.
> connelly@connelly-law.com

DATED this 29th day of June, 2012 at Ephrata, WA.

JERRY J. MOBERG & ASSOCIATES

*s/ James E. Baker*
JAMES E. BAKER, WSBA No. 9459
Attorneys for defendants
jbaker@canfieldsolutions.com

\\Legal-main\LawData\WPWIN\East Wenatchee\Kirby v City of East Wenatchee (CIAW)\Pleadings - Misc\216376.doc

DEFENDANTS' MEMO IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE DEFENDANT OFFICER MARSHALL'S PRE-EMPLOYMENT PSYCHOLOGICAL ASSESSMENTS AND POLYGRAPH EXAMS
Page -- 11

**Jerry J. Moberg & Associates**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA 98823
(509) 754-2356 / Fax (509) 754-4202