UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL KIRBY,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF EAST WENATCHEE, and OFFICER JAMES MARSHALL,<br><br>    Defendants. | NO. CV-12-190-JLQ<br><br>MEMORANDUM OPINION and ORDER GRANTING THE CITY'S MOTION FOR JUDGMENT ON THE PLEADINGS; GRANTING PLAINTIFF LEAVE TO AMEND |

BEFORE THE COURT is Defendant City of East Wenatchee's Motion for Judgment on the Pleadings (ECF No. 5). This Motion only addresses the Plaintiff's federal civil rights claims against the City of East Wenatchee pursuant to 42 U.S.C. § 1983. The Motion does not challenge the Plaintiff's claim that the City is vicariously liable for the alleged wrongful acts of Defendant Marshall under state of Washington law.

**I. BACKGROUND**

Plaintiff's Complaint alleges that on April 5, 2009, after a 9-1-1 call was placed by his wife for assistance, he was needlessly shot in the face on the front porch of his home by Defendant Marshall, a police officer for the Defendant, City of East Wenatchee. Plaintiff asserts civil rights claims under 42 U.S.C. § 1983, as well as state law negligence claims, against both Marshall and the City. The federal claims in the Complaint allege the City "has customs and policies that amount to deliberate indifference" (¶ 28) and that the City failed to properly train its officers and failed to implement policies regarding "when and how to provide assistance and backup to other law enforcement agencies; to assist citizens who have indicated a desire to commit self harm; to properly set up, carry out, and execute scene 'perimeters'; to appropriately assess

ORDER - 1

threats and take appropriate actions short of setting up a scenario to use lethal force." (¶¶ 29, 30).  The federal claims in the Complaint also allege the City failed to properly supervise Marshall (¶ 31), and that Plaintiff's injuries were a predictable result of these failures (¶ 33).

## II.   DISCUSSION

The City's Motion for Judgment on the pleadings, served twenty days after the filing of the Complaint, contends the Plaintiff's federal civil rights claims against it should be dismissed entirely as Plaintiff failed to adequately plead a policy, practice, or custom responsible for his alleged constitutional injury.  *Monell v. New York City Dept of Soc. Serv.*, 436 U.S. 658, 694 (1978).  Defendant contends Plaintiff has "done no more than recite the formulaic elements of a *Monell* cause of action" and has not set forth any facts.  ECF No. 6 at 8.  Plaintiff contends the Complaint is sufficient and that he "looks forward to presenting the evidence supporting these claims after discovery, at the time of trial."  ECF No. 15 at 12.  While Plaintiff has not filed a separate motion seeking leave to amend (which might have rendered Defendant's motion moot), Plaintiff asks the court to allow him to amend should the court determine the pleading is inadequate.   "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c).

The standard governing a Rule 12(c) motion for judgment on the pleadings is essentially the same as that governing a Rule 12(b)(6) motion. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989). In considering a motion to dismiss, the court must determine whether the complaint provides "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a

motion to dismiss, a federal civil rights complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

A claim is facially plausible when a plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that a defendant is liable for the alleged misconduct. *Id*. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

Past Ninth Circuit precedent has "not required the parties to provide much detail at the pleading regarding...policy or custom." *Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir.2012). However, the Ninth Circuit has recently corrected the minimalist standard in light of intervening Supreme Court decisions. *See Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). In *Hernandez,* relying upon *Starr*, the court specifically held that a pleading asserting *Monell* liability can no longer rest on bare allegations or a mere recital of the elements of a cause of action, but rather must contain sufficient allegations of *fact* to enable the opposing party to defend itself effectively. 666 F.3d at 636 (conclusory allegation that county had policies, customs, or practices relating to the custody and care of dependent minors failed to state a claim).

Here, the Complaint does not identify any *facts* concerning the City's particular policies, practices or customs surrounding the alleged federal civil rights excessive force violation. Plaintiff does not identify any specific customs or policies of the City of East Wenatchee, though this comes as no surprise since at the time of the Scheduling Conference on May 31, 2012, Plaintiff's counsel informed the court he did not have such facts and defense counsel had yet to provide them. *See* ECF No. 22. The Complaint also fails to allege any *facts* identifying what is inadequate about the City's training on the use of force, nor are there any *facts* to suggest that Defendant Marshall's conduct was the

ORDER - 3

result of the federally required action or inaction on the City's part.

Where a cause of action is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *Hernandez*, 666 F.3d at 636 (9th Cir. 2012) ("A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities.").

Though the deadline to amend pleadings was June 15, 2012, the court will nonetheless give Plaintiff leave to amend the Complaint to allege additional facts supporting his federal civil rights claims against the City Defendant.

### III. CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED**,

1. Defendant's Motion for Judgment on the Pleading (ECF No. 5) as to the Plaintiff's federal civil rights claims against the City of East Wenatchee is **GRANTED**.

2. Plaintiff's Second cause of action alleging federal civil rights claims against the City are hereby dismissed with leave to amend within twenty-one (21) days from the date of this Order. If an Amended Complaint is not timely filed, the court will dismiss Plaintiff's federal civil rights claims against the City with prejudice.

3. The use of footnotes is discouraged by the court. Counsel for both parties are reminded to abide by Local Rule 10.1 which requires all text, including footnotes, if used, to be in 14-point font and double-spaced.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 2nd day of July, 2012.

                       s/ Justin L. Quackenbush
                      JUSTIN L. QUACKENBUSH
          SENIOR UNITED STATES DISTRICT JUDGE