1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

The Honorable Justin Quackenbush

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MICHAEL KIRBY,

                      Plaintiff,

        v.

CITY OF EAST WENATCHEE, and
OFFICER JAMES MARSHALL;

                      Defendants.

No. CV 12-190-JLQ

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER RE DEFENDANT OFFICER MARSHALL'S PRE-EMPLOYMENT PSYCHOLOGICAL ASSESSMENTS AND POLYGRAPH EXAMS**

Hearing date: July 30, 2012
                      6:30 P.M.
**WITHOUT ORAL ARGUMENT**

Plaintiff files this response in opposition to Defendants' "Motion for Protective Order re Defendant Officer Marshall's Pre-Employment Psychological Assessments and Polygraph Exams." (Dkt. #26) Defendants'

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

motion is directly contrary to well-settled law and should be denied.  Should the

Court deny Defendants' motion, Plaintiff requests that the Court deny any

request to have the materials deemed "confidential."

## I.    STATEMENT OF FACTS

As the Court is aware, this case involves § 1983 and negligence claims

against the City of East Wenatchee Police Department ("EWPD") and Officer

James Marshall, an EWPD employee.  On April 5, 2009, Officer Marshall shot

Plaintiff Mike Kirby through the his left jaw from approximately 70 yards away

while Mr. Kirby was standing on his front porch, speaking with a Wenatchee

police officer.  Despite the significant wounds that Officer Marshall inflicted

upon Mr. Kirby, he survived the shooting, though he is now severely disabled,

unable to speak, and can consume only a liquid diet.

In the course of discovery, Plaintiff received portions of Defendant

Marshall's EWPD employment file.  Inserted within that file were objections to

the release of a pre-employment psychological assessment and records of

Defendant Marshall's pre-employment polygraph test.

Based upon the aforementioned information, Plaintiff had a phone

conference with defense counsel, which was followed by a letter dated June 18,

2012, requesting the redacted records.  The Defendants have objected to the

release of this information, and Plaintiff opposes Defendants' motion for entry

CONNELLY LAW OFFICES
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

of a protective order.

## II.    LEGAL AUTHORITY & ARGUMENT

### A. The redacted information is relevant to this case, or, at a minimum, reasonably likely to lead to the discovery of admissible evidence.

Pursuant to FRCP 26(b)(1) a party may obtain discovery regarding any matter that is reasonably calculated to lead to the discovery of admissible evidence.

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

FRCP 26(b)(1).

Plaintiff Mike Kirby has a reasonable belief that the redacted material from Defendant Marshall's employment files will lead to the discovery of admissible evidence.  It is not disputed that Defendant Marshall shot Mr. Kirby from 70 yards away while Mr. Kirby was speaking to a Wenatchee police officer who was just across the street.  It is also undisputed that the Wenatchee officer did not feel the need to use deadly force on Mr. Kirby, as he never fired his weapon at him.  Questions as to why Defendant Marshall felt it was necessary to

RESPONSE TO MOTION FOR
PROTECTIVE ORDER - 3 of 10
No. CV 12-190-JLQ

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

use such force, and whether he is more inclined to use deadly force than a reasonably prudent officer go directly to the central issues of this case. His psychological records, which may indicate a predilection for violence, as well as EWPD's awareness and or/response to that information, are relevant and, therefore, discoverable. Evidence relating to Defendant Marshall's veracity, his decision-making process, his disposition toward violence, his habits or routine practices as an officer, and any previous events in his life that may affect his ability to perform his duties as a policies officer without violating the civil rights of civilians are also relevant and discoverable.

Investigation into Defendant Marshall's background has also revealed that he may have been the subject of an allegation of excessive force while working as an officer, prior to being hired by EWPD. The basis for these allegations, Defendant Marshall's disclosure of these allegations, and EWPD's response and/or investigation into Defendants Marshall's past are relevant to Plaintiff's claims. Furthermore, this information is not likely to be discoverable through any other means.

As Defendants admit in their moving brief, "Defendant officer underwent the assessments and exams solely for the purpose of determining whether he would be a suitable police officer…." (Dkt. #26, p. 7). Whether Defendant Marshall qualified as a suitable police officer is precisely the reason why the

RESPONSE TO MOTION FOR
PROTECTIVE ORDER - 4 of 10
No. CV 12-190-JLQ

CONNELLY LAW OFFICES
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

requested materials are relevant to this matter, and it is reasonable to believe that

his full police department employment files may lead to the discovery of

admissible evidence.

**B. Plaintiff's interest in obtaining the requested materials far outweighs any purported disadvantages claimed by Defendants.**

"The scope of an evidentiary privilege in a…civil rights claim is a question of federal law." *Breed v. U.S. Dist. Court for Northern Dist. Of California*, 542 F.2d 1114, 1115 (9th Cir. 1976) (citing *Kerr v. United States District Court*, 511 F.2d 192, 196 (9th Cir. 1975) (affirming "district court's holding of personnel files relevant for discovery purposes."). To determine whether the information sought is privileged, courts weigh the potential benefits of disclosure against its potential disadvantages.

**1. Federal common law supports disclosing Defendant Marshall's complete personnel files.**

In cases involving civil rights violations, courts lean in favor of disclosing official documents. "In the context of civil rights suits against police departments, [the] balancing approach should be 'moderately pre-weighted in favor of disclosure.'" *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (quoting *Kelly v. City of San Jose*, 114 F.R.D. 653, 661 (1987)). Courts addressing similar challenges in the context of § 1983 cases have noted that "the policies underlying civil rights laws, public confidence in the court system, and

CONNELLY LAW OFFICES
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

in doing individual justice outweigh[] both the police department's desire for secrecy and privacy rights of officers or citizen complainants." *Soto*, 162 F.R.D. at 613 n. 3 (citing *Kelly*, 114 F.R.D. at 661).

Courts consistently hold that police personnel files and related documents are relevant and discoverable in civil rights cases. *Dowell v. Griffin*, 275 F.R.D. 613, 617 ("[P]rivacy interests police officers have in their personnel files do not outweigh plaintiff's interests in civil rights cases.") *and see also Green v. Baca*, 226 F.R.D. 624, 644 (C.D. Cal. 2005) (noting that "courts have repeatedly held that police personnel files and documents are relevant and discoverable"). In *Soto v. City of Concord*, a § 1983 excessive force claim against a city and police officers, the court ordered the city-defendant to disclose the personnel files of the defendant-officers. Although that case did not specifically address pre-employment psychological and polygraph records, the court articulated the rationale behind disclosure of personnel records:

> The personnel files of the defendant-officers in the instant case are relevant to Plaintiff's excessive force claim. The personnel files contain employee performance appraisals which contain information on each officer's ethics, interpersonal relationships, decision making abilities, work and safety habits, and crime scene management techniques. They also contain information on…interviews, employee orientation, and employment applications. Each of these types of documents may be quite relevant to issues involved in Plaintiff's excessive force claim, because such documents may reveal the defendant officers' patterns of behavior, as well as the City's response to such behavior.

CONNELLY LAW OFFICES
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1

2
*Soto*, 162 F.R.D. 162 at 615.   The Court should adopt the rationale set forth

3
under *Soto*.

4
Furthermore, Plaintiff Mike Kirby will not be able to discover the

5
information contained in the pre-employment records by any other means.   In

6
*Soto*, the court determined that the facts weighed in favor of disclosure, in part,

7
because the requested material was otherwise undiscoverable.

8

9
> In the case at bar, and in civil rights cases against police
> departments in general, it is not likely that plaintiffs can obtain
10
> information of comparable quality from any other source. [Citation
> omitted].  Thus, discovery of the police personnel files is the only
11
> way through which Plaintiffs will have access to the information
> contained within.

12

13
*Soto*, 162 F.R.D. 162 at 616.    Information about Defendant Marshall's

14
psychological stability and predilection for violence, and EWPD's response to

15
this information, is highly relevant to Plaintiff's excessive force claim.   As in

16
*Soto*, there are no alternative venues through which Plaintiff will be able to learn

17
this information.    Therefore, the facts weigh in favor of disclosure, and

18
Defendants' motion should be denied.

19

20
**2.  The cases relied up on by Defendants are inapposite.**

21
Defendants rely upon unpublished, irrelevant case law to support their

22
argument.  The court in *Hallon v. City of Stockton*, 2012 WL 3942000 (E.D. Cal.

23
2012), based its decision, in large part, on unique California statutes and rules of

RESPONSE TO MOTION FOR
PROTECTIVE ORDER - 7 of 10
No. CV 12-190-JLQ

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

evidence that limited the disclosure of officer personnel records through discovery.  *Hallon* at *5.  Defendant has conceded that "[i]n civil rights cases brought under federal statutes, questions of privilege are resolved by federal law." *Hampton v. City of San Diego*, 147 F.R.D. 227, 228, 230 (S.D. Cal. 1993). (Dkt. #26, p. 6)  Because this is an issue properly decided under federal law, Defendants' reliance on *Hallon* is misplaced.    Likewise, Defendants neglected to inform that Court that in *Holmes v. Henry*, 2011 WL 5075012 (E.D. Ark. 2011), the district court's protective order did not completely bar the plaintiff from obtaining the personnel files.  Rather, the defendants in that matter were "willing to provide the personnel files and citizens complaints sought by Plaintiff" if a number of conditions were met, including destruction at the conclusion of litigation.  *Holmes* at *2-3.  The Court should deny Defendants' motion.

## III.   CONCLUSION

The material contained within Defendant Marshall's employment files is highly relevant and will lead to the discovery of admissible evidence.  Plaintiff should have the opportunity to thoroughly review Defendant Marshall's complete employment files from his work as a police officer.

Accordingly, Plaintiff respectfully requests that this Court enter an order denying Defendants' motion, and include in that order a statement that

**CONNELLY LAW OFFICES**

2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1  Defendants' request to have any portion of the employment files deemed

2  "confidential" be denied.

3      Respectfully submitted this 13th day of July, 2012.

4                          CONNELLY LAW OFFICES

5

6                          By___/s/ Anna L. Price_____
                              Anna L. Price, WSBA No. 43088
7                             2301 North 30th Street
                              Tacoma, WA 98403
8                             Phone: (253) 593-5100
                              E-mail: aprice@connelly-law.com
9                             Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

CONNELLY LAW OFFICES
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1

<u>CERTIFICATE OF SERVICE</u>

2

    I hereby certify that on this date I electronically filed the foregoing with

3

the Clerk of the Court using the CM/ECF System which will send notification of

4

such to the following:

5

6
                    jbaker@canfieldsolutions.com
                    James E. Baker
7                   Jerry J. Moberg & Associates

8
                    jmoberg@canfieldsolutions.com
                    Jerry Moberg
9                   Jerry J. Moberg & Associates

10

11

12                  _____/s/ Anna L. Price_____
                    Anna L. Price
13                  Connelly Law Offices
                    2301 North 30th Street
14                  Tacoma, WA 98403
                    Telephone:  (253) 593-5100
15                  Fax: (253) 593-0380
                    Email: aprice@connelly-law.com
16

17

18

19

20

21

22

23

RESPONSE TO MOTION FOR
PROTECTIVE ORDER - 10 of 10
No. CV 12-190-JLQ

**CONNELLY LAW OFFICES**

2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax