UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL KIRBY,<br><br>     Plaintiff,<br><br>vs.<br><br>CITY OF EAST WENATCHEE, and<br>OFFICER JAMES MARSHALL,<br><br>     Defendants. | NO. CV-12-190-JLQ<br><br>**ORDER GRANTING<br>DEFENDANTS' MOTION FOR<br>PROTECTIVE ORDER** |

   BEFORE THE COURT is Defendants' Motion for Protective Order Re: Defendant Officer Marshall's Pre-Employment Psychological Assessments and Polygraph Exams (ECF No. 25). The Motion is opposed by Plaintiff.

   This civil rights action arises out of a municipal police officer's alleged use of excessive force on April 5, 2009 in firing a shot which resulted in severe injury to the Plaintiff. Plaintiff's Amended Complaint alleges causes of action for excessive force and municipal liability under 42 U.S.C. § 1983, as well as negligence.

   Defendants' Motion for Protective concerns a discovery dispute regarding document production. Defendants disclosed Defendant Marshall's entire East Wenatchee Police Department (EWPD) employment personnel file, with the exception of two *pre*-employment assessments conducted as part of the EWPD applicant screening process. They include an April 28, 2008 Psychological Assessment and an April 29, 2008 Polygraph Report. Defendants' Motion seeks and order preventing discovery of these two documents on the basis that the information is non-discoverable and privileged, and its disclosure would violate Defendant Marshall's privacy rights.

ORDER - 1

Plaintiff speculates the information contains relevant information concerning Defendant Marshall's "psychological stability," "predilection for violence," "veracity, his decision-making process," "his habits or routine practices as an officer," "any previous events in his life that may affect his ability to perform his duties as a police officer without violating the civil rigths of civilians," and "EWPD's awareness and/or response to that information."  ECF No. 44 at 4, 7.

Under the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." See Fed.R.Civ.P. 26(b)(1). District courts have broad discretion in determining whether evidence is relevant for discovery purposes. *See Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

In ruling on a motion for protective order, the Court may "issue an order to protect a ... person from ... annoyance, embarrassment, [or] oppression,..." including "forbidding the disclosure or discovery" or "specifying terms...for the disclosure." See Fed.R.Civ.P. 26(c). Under Rule 26(c), district courts have "broad discretion ... to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

The court's in camera review reveals these two documents contain no information which is relevant (or reasonably calculated to lead to admissible evidence) to  the claims and defenses asserted in, or to the subject matter of, this case.  This ruling is limited only the two documents specifically reviewed by the court. The court is <u>not</u> making a finding that all psychological or psychiatric evaluations or treatment of the Officer are immaterial or non-discoverable.  If the documents contained relevant information, neither the executive privilege or the Defendant's privacy rights would have justified resistence to its disclosure, and the court would have ordered their production subject to a nondisclosure agreement.

ORDER - 2

Having reviewed the subject materials *in camera* and determined that the documents do not contain relevant or material information, It is Hereby Ordered that Defendants' Motion for Protective Order (ECF No. 25) is **GRANTED**.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 30th day of July, 2012.

        /s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3