UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL KIRBY,<br>Plaintiff,<br>vs.<br>CITY OF EAST WENATCHEE, and OFFICER JAMES MARSHALL,<br>Defendants. | NO. CV-12-190-JLQ<br><br>**ORDER DENYING RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS; GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT** |

BEFORE THE COURT is Defendant City of East Wenatchee's *Renewed* Motion for Judgment on the Pleadings (ECF No. 47), to which the Plaintiff is opposed.

## I. PROCEDURAL HISTORY

On July 23, 2012, Plaintiff filed an Amended Complaint with leave of court pursuant to the court's July 2, 2012 Memorandum Opinion and Order on the City's initial Motion for Judgment on the Pleadings. The City has now renewed its motion contending Plaintiff's Amended Complaint fails to properly allege a civil rights claim against the City and has failed to cure the defects which were identified by the court in its previous Order as follows:

> Here, the Complaint does not identify any facts concerning the City's particular policies, practices or customs surrounding the alleged federal civil rights excessive force violation. Plaintiff does not identify any specific customs or policies of the City of East Wenatchee, though this comes as no surprise since at the time of the Scheduling Conference on May 31, 2012, Plaintiff's counsel informed the court he did not have such facts and defense counsel had yet to provide them. See ECF No. 22. The Complaint also fails to allege any facts identifying what is inadequate about the City's training on the use of force, nor are there any facts to suggest that

Defendant Marshall's conduct was the result of the federally required action or inaction on the City's part.

(ECF No. 28 at 3-4).

Plaintiff opposes the Motion.

## II. THE AMENDED COMPLAINT

Plaintiff's Amended Complaint re-asserts that the City was deliberately indifferent to Plaintiff's constitutional rights when it failed to adopt and implement policies, failed to train, and failed to supervise its officers regarding: "when and how to provide assistance and backup to other law enforcement agencies; to assist citizens who have indicated a desire to commit self harm; to properly set up, carry out, and execute scent 'perimeters'; [and] to appropriately assess threats and take appropriate actions short of setting up a scenario to use lethal force." ECF No. 46, ¶¶ 30-38. It is Plaintiff's contention that his injuries stemming from having been shot in the fact by Defendant Marshall were a predictable result of these failures by the City. *Id*. at ¶ 36.

Plaintiff's Amended Complaint contains the following new allegations against the City:

- ¶ 15: "Unlike the Wenatchee Officer who was speaking with Mike at this time, Defendant Marshall had not been properly trained by the EWPD [East Wenatchee Police Department] on de-escalation techniques or how to handle situations where a citizen is contemplating self-harm. Had he been, he would not have even aimed his weapon at Mike..."
- ¶ 17:"...Aside from Officer Marshall, none of the officers or public safety personnel at the scene believed that it was appropriate to respond to Mike with deadly force. This was evidenced by the calm and continued discussions with Mike that Wenatchee officers had and, indeed, their training and following of proper protocol had convinced Mike to lay down hid [sic] shotgun. This was because, unlike Officer Marshall, the other officers at the scene had been properly trained to de-escalate situations such as this."

• ¶ 18: "After Officer Marshall shot Mike in the face, Defendant EWPD did not reprimand Officer Marshall, nor did it take any measures to ensure that officers were trained to use different methods or de-escalation techniques in the future. Defendant EWPD made no changes to its training regimen in response to Officer Marshall's shooting of Mike.

**III. DISCUSSION**

The standard governing a Rule 12(c) motion for judgment on the pleadings is essentially the same as that governing a Rule 12(b)(6) motion. As set forth in the court's July 2, 2012 Order:

> In considering a motion to dismiss, the court must determine whether the complaint provides "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a federal civil rights complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).
>
> A claim is facially plausible when a plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that a defendant is liable for the alleged misconduct. *Id*. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.
>
> Past Ninth Circuit precedent has "not required the parties to provide much detail at the pleading regarding...policy or custom." *Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir.2012). However, the Ninth Circuit has recently corrected the minimalist standard in light of intervening Supreme Court decisions. *See Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). In *Hernandez*, relying upon *Starr*, the court specifically held that a pleading asserting *Monell* liability can no longer rest on bare allegations or a mere recital of the elements of a cause of action, but rather must contain sufficient allegations of *fact* to enable the opposing party to defend itself effectively. 666 F.3d at 636 (conclusory allegation that county had policies, customs, or practices relating to the custody and care of dependent minors failed to state a claim).

(ECF No. 28 at 2-3).

Plaintiff's Amended Complaint contains insufficient allegations of *fact* to support the federal civil rights claims alleged against the City. Plaintiff's argument in his brief

demonstrates the defects in the Amended Complaint . In contrast to Plaintiff's Amended Complaint, *Plaintiff's brief in response to the City's motion*, on the otherhand, makes the following allegations none of which are set forth in the Statement of Facts in the Amended Complaint:

- "EWPD has no policy in its general orders manual that addresses the subject of dealing with individuals in a mental health crisis, including suicidal or emotional disturbed persons." (ECF No. 52 at 2).
- EWPD "does not even have a provision in its General Orders Manual covering the topic of civil commitments of mentally disturbed persons." (ECF No. 52 at 6).
- "EWPD, thorough its police department" does not "mandate training on this vital subject."
- "EWPD's police department has no policy, no training, and no supervision on how to interact with individuals experience a mental health crisis." (ECF No. 52 at 13-14).
- "The City Defendant failed to adopt, implement, and train its officers on policies for dealing with citizens who are considering self-harm, despite knowing that its police officers would be routinely called upon to interact with those individuals and others in psychological distress." (ECF No. 52 at 16).
- Defendant Marshall has not "received supervision on it." (ECF No. 52 at 4).
- "Training on this important subject - interacting with individuals experiencing a mental health crisis - is widely available and often free." (ECF No. 52 at 5).
- "Many police departments put their officer through Crisis Intervention Team training." (ECF No. 52 at 5).

Plaintiff's Response repeatedly asserts that the facts alleged in the Amended Complaint "demonstrate," "establish," or "support" the material facts that the "EWPD has adopted no policies..." and that the "absence of these policies...demonstrates that the Defendant has elected not to have a policy on this important subject."

The additional allegations set forth in his brief, as opposed to the Amended Complaint, are facts which must be alleged in order for a finder of fact to ultimately find them "established" or "demonstrated," as Plaintiff contends. Plaintiff neglects to recognize that each alleged material *omission* of the City providing the basis for a claim against the City is a *fact* which must be alleged. This misunderstanding is apparent by Plaintiff's statement in its brief: "Simply put, Plaintiff cannot point out a policy that does not exist." (ECF No. 52 at 2). The omission at the heart of his claims against the City --

the failure to have a policy on handling individuals in a mental health crisis - is nowhere alleged in the Statement of Facts in the Amended Complaint.

That said, the court does not find that dismissal is appropriate and Plaintiff will be afforded one more opportunity to amend as it does not appear that there are no allegations which could support a plausible claim against the City -- rather, Plaintiff has not yet included these allegations in his pleading.

Accordingly, the City's Renewed Motion for Judgment on the Pleadings (ECF No. 47) is **DENIED**, with leave granted for Plaintiff to file a *Second* Amended Complaint correcting the deficiencies noted herein by not later than **October 31, 2012**.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 15th day of October, 2012.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE