UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MICHAEL KIRBY, )
                 Plaintiff, ) NO.  12-CV-190-JLQ
                              )
  v. ) ORDER DENYING MOTION
                              ) TO RECONSIDER
CITY OF EAST WENATCHEE, and )
OFFICER JAMES MARSHALL, )
             Defendants. )
_____ )

**BEFORE THE COURT** is Defendants' Motion to Reconsider the Court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment (ECF No. 109), filed on May 2, 2013, and expedited for hearing without oral argument by the court.

I.    **Background**

On April 10, 2013, the court entered an Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment (ECF No. 105).  Relevantly, that Order denied Defendant Officer James Marshall's Motion for Summary Judgment on the issue of qualified immunity as to the Plaintiff's § 1983 claim for excessive force.  In its two-step analysis, the court specifically held that: 1) unresolved questions of fact precluded a finding as a matter of law that Marshall's use of lethal force was not excessive under the Fourth Amendment; and 2) assuming the establishment of the Plaintiff's factual claims, at the time of the shooting the law regarding excessive force was clearly established that it is "objectively unreasonable to shoot 'an unarmed man who: has committed no serious offense, is mentally or emotionally disturbed, has been given no warning of the imminent use of such a significant degree of force , poses no risk of flight, and

ORDER   1

1  presents no objectively reasonable threat to the safety of the officer or other
2  individuals...'" (ECF No. 105 at 15-16).

3       This case is scheduled for jury trial on July 8, 2013.

4       The Motion to Reconsider urges the court to reconsider its ruling solely
5  regarding the second prong of the qualified immunity analysis. Defendants contend
6  that the "clearly established" standard is not satisfied here, claiming that the law in
7  this area is "in flux" and does not "provide clarity or fair warning." (ECF No. 109
8  at 9).   Defendants contend that the court erred as a matter of law and that this case
9  falls "squarely" inside the "hazy border between excessive and acceptable force..."
10 where qualified immunity operates to protect officers. (ECF No. 109 at 14).
11 Plaintiff has opposed the Motion contending that if Defendants' position were
12 followed it would "provide a shield in all novel factual circumstances..." (ECF No.
13 119 at 10).

14 **II.   Legal Standard**

15      The Federal Rules of Civil Procedure do not explicitly recognize a motion to
16 reconsider.   Federal Rule of Civil Procedure 54(b) states in relevant part, "[A]ny
17 order ... which adjudicates fewer than all the claims... is subject to revision at any
18 time before the entry of judgment adjudicating all the claims...." Fed.R.Civ.P. 54(b).
19 The court has discretion to reconsider interlocutory orders at any time prior to final
20 judgment. *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958).
21 "Nonetheless, the orderly administration of lengthy and complex litigation such as
22 this requires the finality of orders be reasonably certain," and the major grounds
23 that justify reconsideration involve "an intervening change of controlling law, the
24 availability of new evidence, or the need to correct a clear error or prevent manifest
25 injustice." *Pyramid Lake Paiute Tribe of Indians v. Hodel,* 882 F.2d 364, 369 n. 5
26 (9th Cir. 1989).  None of those grounds exist in the matter *sub judice*. A motion for
27 reconsideration should not be used "to ask the Court to rethink what it has already
28 thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contrs., Inc*., 215 F.R.D. 581, 582

1  (D.Ariz. 2003); *see also Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir.1988)

2  (holding denial of a motion for reconsideration proper where "it presented no

3  arguments that had not already been raised in opposition to summary judgment").

4  **III.  Discussion**

5       Defendants' Motion to Reconsider asks the court to re-think what it has

6  already spent many hours on when it issued its ruling. First, Defendants contend

7  that the Supreme Court decision authored by Justice Scalia in *Ashcroft v. al Kidd*,

8  131 S.Ct. 2074 (2011) "reformulated" the standard for the second prong of the

9  qualified immunity analysis "going from 'a reasonable official standard to an 'every

10  reasonable official' rule." (ECF No. 109 at 6). Defendants suggest that this

11  reformulation strengthens their position and was misapplied by the court.  Notably,

12  this court's decision quoted and applied the rule set forth in *al Kidd*.  While it is not

13  clear whether *al Kidd* actually changed any longstanding legal rules, if it did, it did

14  so without comment. Confirming this court's belief that *al Kidd* did not alter the

15  standard, the Supreme Court's more recent statement of the definition of "clearly

16  established" is as follows:

17       [t]o be clearly established, a right must be sufficiently clear that ***every***
        reasonable official would [have understood] that what he is doing violates
18      that right. In other words, existing precedent must have placed the statutory
        or constitutional question beyond debate.... [T]he right allegedly violated
19      must be established, not as a broad general proposition, but in a
        particularized sense so that the contours of the right are clear to ***a*** reasonable
20      official.

21  *Reichle v. Howards*, ––– U.S. ––––, 132 S.Ct. 2088, 2093–94 (2012) (second

22  alteration in original) (citations and internal quotation marks omitted)(emphasis

23  added).  The *Reichle* decision applies the "a reasonable official" standard, whereas

24  there is no further mention of the "every reasonable official" language in the

25  opinion.  *Id*. at 2095, 2096 n. 6.  The court has applied the proper standard.

26       Next, Defendants contend that the existence of "conflicting cases" evidences

27  that this case does not pass the "clearly established" threshold, and that the court

28  erred in "focus[ing] principally on a single case."  (ECF No. 109 at 7). As this court

explained in its decision, the "clearly established" standard does "not require a case directly on point." *Reichle*, 132 S.Ct. At 2093.  The Ninth Circuit has been especially mindful of this principle in the context of Fourth Amendment cases, "where the constitutional standard—reasonableness—is always a very fact-specific inquiry." *Mattos v. Agarano*, 661 F.3d 443, 442 (9th Cir. 2011)(en banc).  "If qualified immunity provided a shield in all novel factual circumstances, officials would rarely, if ever, be held accountable for their unreasonable violations of the Fourth Amendment." *Id.*; *see also Deorle v. Rutherford*, 272 F.3d 1272, 1286 (9th Cir. 2001) ("Otherwise, officers would escape responsibility for the most egregious forms of conduct simply because there was no case on all fours prohibiting that particular manifestation of unconstitutional conduct.").

The "clearly established" standard requires that "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.*  This court understands that the purpose of this requirement is to "protects the balance between vindication of constitutional rights and government officials effective performance of their duties by ensuring that officials can reasonably anticipate when their conduct may give rise to liability for damages." Id.  However, as the Ninth Circuit has warned:

> Were we to require such granular specificity under the second Saucier prong, we would effectively wrench of all meaning the Supreme Court's admonition that 'officials can still be on notice that their conduct violates established law even in novel factual circumstances.' While the test of whether a right is 'clearly established' must not be so broad that the important shield of qualified immunity is rendered meaningless..., nor can it be so narrow that the immunity is transformed from one 'qualified' in nature to one absolute.

*Torres v. City of Madera*, 648 F.3d. 1119, 1126 (9th Cir. 2011) (citations omitted).

Though at the summary judgment stage the court must view the facts in the light most favorable to the Plaintiff, Defendants urge this court to characterize the facts of this case as involving a "gun-bearing assailant."  Defendants specifically point the court to a district court case decided on the same date as this court's summary judgment decision herein, *Dunklin v. Mallinger*, 2013 WL 1501446

(N.D.Cal. April 10, 2013), a decision that has not been reviewed on appeal. The *Dunklin* case is factually inapposite and if this judge were ruling on the summary judgment motion in *Dunklin,* it is doubtful that summary judgment would have been granted.  The case pending in this court is undisputedly ***not*** a case involving a fleeing suspect nor involving a violent physical attack on an officer or a physical struggle.  Accepting Plaintiff's version of the events as true, it did not involve any repeated acts of resistence or threats toward anyone else.  Plaintiff's contention is that there was no reason to believe that he was dangerous other than the fact that he possessed a gun.  There is no allegation that Plaintiff was a violent criminal, nor that he was under arrest at the time of the events. The *fear of harm* that Plaintiff (after the shooting) admitted he caused Officer Martin twenty seconds prior to the shooting, is non-violent and not akin to having just stabbed, attempted to murder, or physically attacked an officer, as in *Dunklin* and other cases cited by Defendant.

That the context of this case involves a person with a gun and allegedly a warning from another officer regarding a potential threat, does not take it inside a "hazy border" area between excessive and acceptable force, as a legal matter. Given the extreme intrusion caused by the use of deadly force, it is authorized only in specific circumstances well established since 1985: when the suspect is perceived to pose a significant threat of death or serious physical injury to the officer or others. *Tennessee v. Garner*, 471 U.S. 1, 3 (1985).  The rule set out in the Ninth Circuit in *Deorle* is particular and similar enough to give fair notice that no reasonable police officer would find it permissible to intentionally shoot a person in emotional distress in the head, who was complying with commands, and who presented no risk of flight, from over 70 yards away as Plaintiff contends Defendant Marshall has admitted.   It was well established at the time of the shooting that the "desire to resolve quickly a potentially dangerous situation is not the type of government interest that, standing alone, justifies the use of force that may cause serious injury." *Deorle*, 272 F.3d at 1281.  The factual distinctions between

*Deorle* and this case do not alter the certainty of the law.

The court rejects Defendant's contention that the "general thrust" of the case law is that "guns–loaded or unloaded...reasonably permit the use of deadly force under dynamic circumstances."  (ECF No. 127 at 8). The cases do not stand for a principle as broad as the one articulated by Defendants.   Police do not have unfettered authority to shoot any member of the public carrying a gun or other weapon.

Accordingly, IT IS HEREBY ORDERED:

Defendants' Motion to Reconsider (ECF No. 109) is **DENIED**.  The Clerk of the Court shall enter this Order and provide copies to counsel

Dated May 31st, 2013.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER   6