Jerry J. Moberg and James E. Baker
Jerry J. Moberg & Associates
451 Diamond Drive
Ephrata, WA 98823
jmoberg@canfieldsolutions.com
jbaker@canfieldsolutions.com
(509) 754-2356

Robert L. Christie
Christie Law Group
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
bob@christielawgroup.com
(206) 957-9669
Attorneys for Defendants

HON. JUSTIN L. QUACKENBUSH

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL KIRBY,<br><br>               Plaintiff,<br><br>v.<br><br>CITY OF EAST WENATCHEE and OFFICER JAMES MARSHALL,<br><br>               Defendants. | NO. CV 12-190-JLQ<br><br>**DEFENDANTS' MEMO RE ADMISSIBILITY OF STATEMENTS MADE IN COURT ON BEHALF OF PLAINTIFF BY PLAINTIFF'S LAWYER** |

## I.    INTRODUCTION

At the pre-trial conference on July 12, 2013, the Court requested additional briefing on the admissibility of statements made by Plaintiff's lawyer on behalf of

T:\WPWIN\East Wenatchee\Kirby v City of East Wenatchee (CIAW)\Pleadings - Misc\251476.doc
DEFENDANTS' MEMO RE ADMISSIBILITY OF STATEMENTS
MADE IN COURT ON BEHALF OF PLAINTIFF BY PLAINTIFF'S LAWYER
Page 1 of 8

**Jerry J. Moberg & Associates**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

Plaintiff at the time of the hearing in state court that established Plaintiff's guilt to a felony charge of third degree assault of a police officer.

## II.    STATEMENT OF FACTS

On June 21, 2010, Plaintiff pleaded guilty to a felony of third degree assault in connection with the occurrence on April 5, 2009. (Defendants' proposed Exhibit No. 526.) "The elements are: unlawfully, feloniously and intentionally assault an employee of a law enforcement agency." (Id.) A transcript was made of Plaintiff's guilty plea and sentencing. (Defendants' proposed Exhibit No. 527.) Plaintiff was represented by attorney Dale M. Foreman at the hearing. (Id.) During the hearing, while speaking on behalf of Plaintiff, Mr. Foreman stated:

> Tragically, he got Parkinson's disease. And one of the consequences of the Parkinson's disease was, he could no longer continue as a postal carrier. . . . [H]e was very depressed. He was confused. He was on heavy medication for his Parkinson's disease and as the disease progressed, he had less and less control over his arms and his legs. He was sort of housebound and had child support and custody issues and he just fed on these depressing factors. He was 50 years old and he was getting very ill and was suicidal.
>
> And on April 5th, 2009, he thought he was going to end his suffering and end the Parkinson's suffering and end his problems by killing himself and he sat in his living room with a weapon and called some people, basically calling out for help. And the people he called did properly inform the police and the police came and Mike walked out on his front porch holding a shotgun. And his testimony would be that he never intended to hurt anybody other than himself, but the police didn't know that. ***And given the fear that was, I think, normal for the police under those circumstances, a tragic thing happened.***

T:\WPWIN\East Wenatchee\Kirby v City of East Wenatchee (CIAW)\Pleadings - Misc\251476.doc
DEFENDANTS' MEMO RE ADMISSIBILITY OF STATEMENTS MADE IN COURT ON BEHALF OF PLAINTIFF BY PLAINTIFF'S LAWYER
Page 2 of 8

**Jerry J. Moberg & Associates**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

> Mike put down the shotgun, but he was shot in the jaw from approximately a hundred yards away or may not quite that far, but it was a long shot . . . .
>
> .We were hopeful that the prosecutor would not file any charges, given the suffering Mike has gone through, but ***I have to say given the facts, it's understandable that the police felt in fear and I think that the crime, assault in the third degree, is a realistic charging under the tragic circumstances.***
>
> And one of the best things that's happened out of this is his counselors . . . have said he accepts what happened. He bears no hatred or ill will towards people and he's made a remarkable mental recovery, but he is still in the midst of a prolonged physical recovery . . . .

(Id. at 10-12.) (Emphasis added.)

On March 1, 2013, Plaintiff's deposition was taken. Plaintiff answered "Yes" to the questions: (1) "Now, you were represented by Dale Foreman, a – an attorney in Wenatchee, correct.?" – (2) "And Mr. Foreman had the authority to speak for you; isn't that true?" (Depo. of Plaintiff at 19.)   During the deposition, it was also asked and answered as follows:

> Q    All right. And then I want you to look at page 11 of the official transcript . . . where Mr. Foreman is still speaking to the Court on your behalf.  And he says (as read): "We were hopeful that the prosecutor would not file any charges, given the suffering that Mike has gone through, but I have to say that given the facts, it is understandable that the police felt in fear and I think that the crime, assault in the third degree, is a realistic charging under the tragic circumstances."
>
>         Do you deny that Mr. Foreman made that statement in front of the Court on your behalf?

T:\WPWIN\East Wenatchee\Kirby v City of East Wenatchee (CIAW)\Pleadings - Misc\251476.doc
DEFENDANTS' MEMO RE ADMISSIBILITY OF STATEMENTS
MADE IN COURT ON BEHALF OF PLAINTIFF BY PLAINTIFF'S LAWYER
Page 3 of 8

**Jerry J. Moberg & Associates**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

MS. KAYS: -- to form. Foundation.

A   No.

(Depo. of Plaintiff at 22-23.)

### III.   STANDARD OF REVIEW

The district court is given "wide discretion in determining the admissibility of evidence under the Federal Rules." Acosta v. City of Costa Mesa, -- F.3d --, 2013 WL 1847026, *20 (9th Cir. 2013), quoting United States v. Abel, 469 U.S. 45, 54, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984).

### IV.   APPLICABLE COURT RULE

FED.R.EVID. 801(d)(2)(D) provides:

> A statement that meets the following conditions is not hearsay: . . . The statement is offered against an opposing party and . . . was made by the party's agent or employee on a matter within the scope of that relationship and while it existed . . . .

### V.   ARGUMENT

**STATEMENTS MADE BY AN ATTORNEY CONCERNING A MATTER WITHIN THE SCOPE OF THE ATTORNEY'S REPRESENTATION OF A CLIENT MAY BE ADMITTED AGAINST THE CLIENT AS SUBSTANTIVE EVIDENCE.**

"An attorney may be the agent of his client for purposes of Rule 801(d)(2)(D)." United States v. Harris, 914 F.2d 927, 931 (7th Cir. 1990). "As a general rule, statements made by an attorney concerning any matter within the scope of his employment are admissible." U.S. v. D.K.G. Appaloosas, Inc., 630

T:\WPWIN\East Wenatchee\Kirby v City of East Wenatchee (CIAW)\Pleadings - Misc\251476.doc

DEFENDANTS' MEMO RE ADMISSIBILITY OF STATEMENTS MADE IN COURT ON BEHALF OF PLAINTIFF BY PLAINTIFF'S LAWYER
Page 4 of 8

**Jerry J. Moberg & Associates**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

F.Supp. 1540, 1564 (E.D.Tex. 1986), aff'd 829 F.2d 532 (5th Cir. 1987), citing United States v. McKeon, 738 F.2d 26, 30 (2d Cir. 1984); Fed.R.Evid. 801(d)(2)(D). Statements by a party's lawyer "[i]f . . . made in a pleading or in trial, or are sufficiently formal or conclusive . . . may be treated as binding judicial admissions." D.K.G. Appaloosas, supra at 1564.

Even pleadings composed by an attorney in a prior case may be used as evidentiary admissions against the client. Williams v. Union Carbide Corp., 790 F.2d 552, 555-56 (6th Cir. 1986). The law on this issue before the court was succinctly stated at 555-56 by the Williams court:

> It is the general rule that "statements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney." United States v. Margiotta, 662 F.2d 131, 142 (2nd Cir. 1981), cert. denied 461 U.S. 913, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983). An opening statement made by an attorney is admissible in a later lawsuit against his client. United States v. McKeon, 738 F.2d 26 (2nd Cir. 1984). An administrative claim filed by an attorney may also be an admission of his client. United States v. Flores, 628 F.2d 521 (9th Cir. 19809). Pleadings in a prior case may be used as evidentiary admissions. Contractor Utility Sales v. Certain-Teed Products Corp., 638 F.2d 1061, 1084 (7th Cir. 1981). In this case there is no question that the plaintiff's attorney was fully authorized to act and speak for the plaintiff. The statements made in the previous lawsuit were proper for impeachment under Federal Rule of Evidence 613. Id. As party admission, the allegations would also be available as substantive evidence under Federal Rule of Evidence 801(d)(2).

See also 2 McCormick on Evidence § 259 (7th ed. – updated March 2013):

"When a party to the suit has expressly authorized another person to speak, it is an

T:\WPWIN\East Wenatchee\Kirby v City of East Wenatchee (CIAW)\Pleadings - Misc\251476.doc
DEFENDANTS' MEMO RE ADMISSIBILITY OF STATEMENTS MADE IN COURT ON BEHALF OF PLAINTIFF BY PLAINTIFF'S LAWYER
Page 5 of 8

**Jerry J. Moberg & Associates**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

obvious and accepted extension of the admission rule to admit against the party the statements of such persons." The same section of McCormick on Evidence stated:

> *Attorneys.* If an attorney is employed to manage a party's conduct of a lawsuit, the attorney has *prima facie* authority to make relevant judicial admissions by pleadings, by oral or written stipulations, or by formal opening statement, which unless allowed to be withdrawn are conclusive in the case.

In U.S. v. Saraw, 2009 WL 3929558 (11th Cir. 2009), the Circuit Court stated at *3:

> "Unless withdrawn, an attorney's statements in court, on behalf of his client, 'which dispense with proof of facts . . . are not merely evidence as in the case of an ordinary admission. They are absolutely binding. As long as they stand, they foreclose the matter altogether." Laird v. Air Carrier Engine Service, Inc., 263 F.2d 948, 953 (5th Cir. 1959).

"In a civil proceeding, a client is bound by statements made by his or her attorney made in open court when the statements are made in the client's presence and are not denied by the client." Sweat v. Sweat, 641 S.E.2d 1, 2 (Ga. 2007).

Here, Plaintiff was in open court with his lawyer, Mr. Foreman, when certain statements were made about the occurrence that is the subject of this lawsuit. Because Mr. Foreman was authorized to speak for Plaintiff, the statements are admissible in this § 1983 lawsuit.

## VI. CONCLUSION

T:\WPWIN\East Wenatchee\Kirby v City of East Wenatchee (CIAW)\Pleadings - Misc\251476.doc
DEFENDANTS' MEMO RE ADMISSIBILITY OF STATEMENTS MADE IN COURT ON BEHALF OF PLAINTIFF BY PLAINTIFF'S LAWYER
Page 6 of 8

**Jerry J. Moberg & Associates**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA 98823
(509) 754-2356 / Fax (509) 754-4202

The Court should admit the statements of Plaintiff's lawyer that Plaintiff admits were made on Plaintiff's behalf at the time that Plaintiff was convicted of felony assault of a police officer.

RESPECTFULLY SUBMITTED this 17th day of July, 2013.

JERRY J. MOBERG & ASSOCIATES

*s/ Jerry J. Moberg and James E. Baker*
JERRY J. MOBERG, WSBA No. 5282
JAMES E. BAKER, WSBA No. 9459
451 Diamond Drive
Ephrata, WA 98823
jmoberg@canfieldsolutions.com
jbaker@canfieldsolutions.com

CHRISTIE LAW GROUP, PLLC

*s/ Robert L. Christie*
ROBERT L. CHRISTIE, WSBA No. 10895
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
bob@christielawgroup.com
(206) 957-9669
Attorneys for Defendants

T:\WPWIN\East Wenatchee\Kirby v City of East Wenatchee (CIAW)\Pleadings - Misc\251476.doc
DEFENDANTS' MEMO RE ADMISSIBILITY OF STATEMENTS MADE IN COURT ON BEHALF OF PLAINTIFF BY PLAINTIFF'S LAWYER
Page 7 of 8

**Jerry J. Moberg & Associates**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

# CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

> John R. Connelly, Jr.
> jconnelly@connelly-law.com
>
> Julie A. Kays
> jkays@connelly-law.com
>
> Anna L. Price
> aprice@connelly-law.com

DATED this 17th day of July, 2013 at Ephrata, WA.

> JERRY J. MOBERG & ASSOCIATES
>
> *s/ James E. Baker*
> JAMES E. BAKER, WSBA No. 9459
> Attorneys for Defendants

T:\WPWIN\East Wenatchee\Kirby v City of East Wenatchee (CIAW)\Pleadings - Misc\251476.doc

DEFENDANTS' MEMO RE ADMISSIBILITY OF STATEMENTS MADE IN COURT ON BEHALF OF PLAINTIFF BY PLAINTIFF'S LAWYER
Page 8 of 8

**Jerry J. Moberg & Associates**
**Attorneys At Law**
451 Diamond Drive
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202